UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE Q. BLASKO,<br><br>   Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK; *et al.*,<br><br>   Defendant. | Civil No. 09cv2376 L(WVG)<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE [doc. #7]** |

  Defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company move to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not filed an opposition to the motion.[1] When an opposing party does not file papers in the manner required by Civil Local Rule 7.1(e.2), the Court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." CIV. L.R. 7.1(f.3.c). Even when a motion is unopposed, the Court reviews the motion on the merits to determine if cause exists to grant the motion.

---

[1] Although plaintiff was represented by counsel prior to removal of this action, plaintiff is appearing *pro se*. The Court hereby grants Howard Kaloogian, Lowell Robert Fuselier, David Hart and David Hayek and the Law Firsm of Kaloogian & Fuselier, LLP *ex parte* motion for determination that counsel does not represent plaintiff Lonnie Blasko. [doc. #12]

**1.      Motion to Dismiss Standard**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Judicial notice may be taken of facts "not subject to reasonable

dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201.  Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).  Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (alteration in original)).

**2.    Background**

On October 20, 2006, WAMU and plaintiff entered into an agreement concerning real property located in Fallbrook, California.  Plaintiff executed a promissory note for one million dollars.  The Note was secured by a Deed of Trust.  Also, plaintiff executed a home equity line of credit agreement with WAMU and signed a Second Deed of Trust which further encumbered the property.  The Deeds were recorded on October 31, 2006.

WAMU was closed by the Office of Thrift Supervision and the FDIC was appointed as the receiver on September 25, 2008.  JPMORGAN annd the FDIC entered into a purchase and assumption agreement whereby JPMorgan acquired certain WAMU assets.

On June 27, 2009, a Notice of Default and Election to Sell Under Deed of Trust was issued because plaintiff was in arrears in the amount of $56,645.73 on the loans.  A Notice of Trustee's Sale was recorded on October 8, 2009 and October 16, 2009.

**3.    Discussion**

    **a.    Real Party in Interest**

JPMorgan contends that it did not assume liability for claims arising out of WAMU's residential mortgage loans and home equity lines of credit made prior to September 25, 2008. Because the mortgage loan at issue was executed prior to September 25, 2008, JPMorgan argues

that the claims plaintiff asserts are not claims for which it has assumed liability.  (Memo of Ps&As at 4-7.  In support of this assertion, JPMorgan quotes from Section 2.5 of the Purchase and Assumption Agreement but fails to provide the P&A Agreement as an exhibit.  Accordingly, the Court cannot take judicial notice of it or its contents and dismissal of the complaint on this basis must fail.

**b.    TILA**

In her first cause of action, plaintiff contends that defendants failed to provide her with two copies of the three-day right to rescind notice as required under the Truth in Lending Act.  In seeking dismissal of the action, defendants argue that plaintiff's TILA damage claim is time barred.

The applicable statute of limitations for a claim for damages under TILA is "one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  "[T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Because the transaction was consummated on October 20, 2006, and this action was filed on October 15, 2009, plaintiffs' TILA damages claim is time barred.  Plaintiff has not provided any allegations in support of equitable tolling and have not filed an opposition.  The Court therefore has no basis to conclude that there are grounds for equitable tolling for a sufficient period of time to make this action timely and this claim must be dismissed.

**c.    RESPA**

Plaintiff complaint states that "[d]efendants have violated RESPA by failing to provide the disclosures required by RESPA in an accurate and timely fashion."  (Complaint at ¶ 25.)  The complaint does not even suggest which disclosures were not provided.  Plaintiff must, at a minimum, identify the specific disclosures she did not receive in order to state a claim under RESPA.  As a result, the complaint fails to meet the *Twombly* and *Iqbal* pleading standard and must be dismissed for failure to state a claim.

### d. California Business & Professions Code § 17200

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200. "[T]he UCL borrows' violations of other laws and treats them as unlawful practices independently actionable under the UCL." *Vega v. JPMorgan Chase Bank, N.A.*, 654 F.Supp.2d 1104, 1117 (E.D. Cal. 2009). "As such, a defendant cannot be liable under § 17200 for committing unlawful business practices' without having violated another law." *Gonzalez*, 2010 WL 144862, at *15 (citations omitted).

Plaintiff's third claim for relief does not identify any borrowed violated law. Even if the alleged TILA and RESPA claim are assumed to provide the wrongful business practice or pattern, because those claims have been dismissed, the UCL claim also fails and must be dismissed. *See Gonzalez*, 2010 WL 144862, at *16; *Vega*, 654 F. Supp. at 1118.

Based on the foregoing, defendant JPMorgan's motion to dismiss is **GRANTED**. The Court must consider whether a motion to dismiss should be granted with leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Rule 15 advises the court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id.* at 1052. Accordingly, plaintiffs are **GRANTED LEAVE TO AMEND**.

If plaintiff chooses to amend pursuant to this Oorder, the amended complaint must be complete in itself without reference to the superseded pleading. *See* CIV. L.R. 15.1. Defendants not named and claims not re-alleged are waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant JPMorgan's motion to dismiss plaintiffs' complaint is **GRANTED WITH LEAVE TO AMEND**.

2.  If plaintiff chooses to file an amended complaint, she must file and serve it no later than **August 20, 2010**.  Defendants shall file and serve any response to the amended complaint within the time set in Rule 15(a)(3).

**IT IS SO ORDERED.**

DATED: August 30, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL